Filed 5/30/24  P. v. Jimenez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B323995 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA481675) |
| v. | |
| JAIR JIMENEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Terry A. Bork, Judge.  Affirmed as modified.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

A jury found defendant Jair Jimenez guilty of attempted murder (Pen. Code[1], §§ 664, 187, subd. (a); count 3) and assault with a semiautomatic firearm (§ 245, subd. (b); count 4).  It also found allegations that defendant personally used a firearm in the commission and attempted commission of the above offenses (§ 12022.5, subd. (a)) to be true.

On appeal, defendant seeks to vacate his sentencing enhancement for count 3 on the grounds that the second amended information failed adequately to allege the personal use of a firearm enhancement for that count.[2]  Defendant also contends that the abstract of judgment does not accurately reflect that the trial court stayed imposition of the fines and fees. Finally, defendant contends he should be awarded two additional days of presentence custody credit.  The Attorney General does not dispute defendant's latter two arguments.

We will order the abstract of judgment corrected to reflect the stay of fines and assessments and to add two days of presentence custody credit.  As so modified, we affirm.

---

[1]    Further statutory references are to the Penal Code.

[2]    Defendant does not challenge his convictions for attempted murder and assault with a firearm, or the true finding of the personal use of a firearm enhancement for count 4.

## II.    BACKGROUND

A.    *Information*

On December 28, 2020, the Los Angeles County District Attorney's Office (District Attorney) charged defendant by information with four counts:  discharge of a firearm with gross negligence (§ 246.3, subd. (a); count 1); possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2); attempted murder of John Doe (§§ 664, 187, subd. (a); count 3); and assault with a semiautomatic firearm on Richard Cruz (§ 245, subd. (b); count 4).  The information further alleged that "as to counts 1, 3, and 4 that in the commission and attempted commission of the above offense [*sic*], the defendant . . . personally used a firearm . . . within the meaning of . . . section 12022.5[, subdivision] (a) . . . ."  The first page of the information was comprised of a "summary," which reflected that the firearm enhancement was alleged for counts 1, 3, and 4.

On March 14, 2022, the District Attorney filed an amended information, which alleged the same four counts as set forth in the initial information and included certain additional allegations pursuant to California Rules of Court, rule 4.421(a)(1).  The amended information alleged, "as to counts 1 and 4 that in the commission and attempted commission of the above offense[s]" defendant personally used a firearm.  The only attempt offense charged in the information was count 3.  The summary at the first two pages of the information reflected that the firearm enhancement was alleged for counts 1, 3, and 4.

On May 4, 2022, the District Attorney filed the operative second amended information.  That information omitted

3

previously alleged count 1 but realleged counts 2, 3, and 4.  The second amended information again alleged, "as to counts 1 and 4 that in the commission and attempted commission of the above offense[s]" defendant personally used a firearm.  And, again, the summary pages of the information reflected that the firearm enhancement was alleged for counts 3 and 4.

B.    *Trial*

Prior to the presentation of evidence at trial, defendant entered a plea of no contest to count 2, which charged him with being a felon in possession of a firearm.

The prosecution then presented evidence that on October 6, 2019, Richard Cruz was working as a security guard at the Holiday Bar in Boyle Heights.  That evening, defendant, who carried an alcoholic beverage in his hand, approached the bar.  Cruz told defendant that he could not enter the bar with the beverage.  A gun then fell out of defendant's pants and onto the ground.  Defendant picked up the gun and demanded to speak to the owner.

As defendant waited for the owner, a male customer who wore a jersey walked out of the bar.  As that customer walked down the street and away from defendant, defendant fired a shot at him.  Defendant then handed his beverage to Cruz, walked toward the customer, and demanded that the customer take off his jersey.  The customer complied.  As the customer walked away, defendant shot at him a "couple more times."  None of the shots struck the customer.  Defendant told Cruz that he believed the customer was "a possible other gang member."

4

Defendant continued to threaten other customers as he and Cruz waited outside the bar for the bar's owner. While Cruz was on the phone with the bar owner, defendant fired another shot that passed near Cruz's face.

Defendant eventually went inside the bar and said that if Cruz did not take the gun away from him, defendant would shoot him. Cruz took the gun from defendant and threw it in a trash can.

Following the presentation of evidence, the trial court instructed the jury that "[i]f you find the defendant guilty of the crimes charged in counts 3 or 4 . . . you must then decide whether for each crime the People have proved the additional allegation that the defendant personally used a firearm during the commission of the crime." The court then instructed the jury on the elements of the firearm enhancement.

During closing argument, the prosecution stated the following regarding the firearm allegation: "So once you find the defendant guilty of the attempt murder and the assault crime then you're going to move on to what we call an allegation. Allegations attach to crimes . . . . [¶] In this particular case the allegation is that he used a firearm. There's no dispute in this case that that was the case."

During defendant's closing argument, counsel did not dispute that defendant used a gun, but argued that he did not act with the required intent because "each time I think he used the gun you can conclude that he's playing mind games on the security guard." Counsel continued: "If he ever wanted to kill him he would have killed him. If he ever wanted to kill him when he's talking to him and he's got a loaded, operable semi-automatic with five live rounds his opportunity to kill was there.

And he did not do it.  He didn't shoot it.  He didn't do anything with it.  He didn't hit him with it.  He said, 'Take off your shirt.'"

C.    *Conviction and Sentence*

On May 6, 2022, the jury returned guilty verdicts on counts 3 and 4 for attempted murder and assault with a semiautomatic firearm.  It also found true the allegations that defendant personally used a firearm in the commission of those offenses.  For count 3, the jury wrote "True" in the blank space on the verdict form, which stated, "We further find the allegation, that the defendant . . . personally used a firearm, a semi-automatic handgun, within the meaning of Penal Code Section 12022.5(a) to be: ____. 'True' or 'Not True.'"  The prosecution then dismissed count 2 in the interest of justice.

On October 6, 2022, the trial court sentenced defendant on count 3 to eight years imprisonment, which was the low term for the count plus three years for the firearm enhancement.  For count 4, the court sentenced defendant to three years and four months, consisting of one-third the middle term, plus 16 months for the firearm enhancement, to be served consecutively to the sentence in count 3.

The trial court also imposed certain fines and assessments, but, because defendant represented that he lacked the ability to pay, the court "order[ed] the fines, fees, and assessments but stay[ed] actual imposition of them until it is proved or shown that [defendant] ha[d] the present ability to pay them."

The trial court awarded defendant 1,095 days of actual custody credit and 164 days of conduct credit.

6

# III.   DISCUSSION

## A.   *Pleading of Sentencing Enhancement*

Defendant contends that the second amended information failed to comply with statutory pleading requirements and violated his due process rights by not alleging the personal use of firearm enhancement for the attempted murder count. Alternatively, defendant contends his counsel provided ineffective assistance by failing to object to the imposition of the enhancement on this ground.

"As a rule, all sentence enhancements 'shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact.' [Citation.]" (*People v. Anderson* (2020) 9 Cal.5th 946, 953 (*Anderson*).)  The bedrock of this rule is due process.  "'"No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." [Citations.]  "A criminal defendant must be given fair notice of the charges against him in order that he may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial.'" [Citation.]  This goes for sentence enhancements as well as substantive offenses:  A defendant has the 'right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes.' [Citation.]" (*Ibid.*)  Defendant's statutory and constitutional arguments are questions of law that we review de novo.  (*People v. Scott* (2016) 3 Cal.App.5th 1265, 1271.)

"As a general rule, a criminal defendant who fails to object at trial to a purportedly erroneous ruling forfeits the right to challenge that ruling on appeal." (*Anderson, supra*, 9 Cal.5th at p. 961.) This includes pleading defects. (*Id.* at p. 962.) Here, defendant did not complain about the enhancements alleged in the information in the trial court. He therefore has forfeited his argument on appeal.

Even if, however, defendant had not forfeited his argument, we would reject it on the merits. "'An accusatory pleading['s] . . . purpose is to provide the accused with reasonable notice of the charges.' [Citation.] Defects in the form of an accusatory pleading are not a ground to reverse a criminal judgment in the absence of significant prejudice to a defendant. (§ 960 ['No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits'].)" (*People v. Sandoval* (2006) 140 Cal.App.4th 111, 132.) Here, the information provided defendant with reasonable notice that the District Attorney charged him with a firearm enhancement on count 3. The original information correctly and expressly alleged that the firearm enhancement was alleged as to "counts 1, 3, and 4." In the subsequent first and second amended informations, the summary of the charges reflected that the firearm enhancement was alleged as to count 3, the attempted murder count. Moreover, although the reference to count 3 was not included in the allegation itself, it stated that the enhancement was alleged as to the attempted offense, and the only such offense charged in the information was count 3. Finally, the prosecution's presentation of evidence, the delivery of

8

jury instructions, the verdict form, and the closing arguments all demonstrate that both parties understood the firearm enhancement was alleged as to both counts 3 and 4. On this record, we conclude that defendant was informed of the charges he faced and therefore was not deprived of an opportunity to defend against the enhancement.

We also reject defendant's ineffective assistance of counsel claim. "To succeed, [defendant] must show that this omission 'fell below an objective standard of reasonableness' [citations] in light of 'the professional norms prevailing when the representation took place' [citation]. [Defendant] must also show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Citation.] [Defendant] 'need not show that counsel's deficient conduct more likely than not altered the outcome in the case.' [Citation.] It is enough to show 'a probability sufficient to undermine confidence in the outcome.'" (*In re Long* (2020) 10 Cal.5th 764, 773.) Because we have considered and rejected defendant's claims on the merits, defendant cannot demonstrate that he was prejudiced by his counsel's failure to raise the argument below.

B.    *Remaining Sentencing Issues*

1.    Stay of Fines and Assessments

Defendant also argues the abstract of judgment does not properly reflect the trial court's stay of fines and assessments. The Attorney General concedes the error.

As noted, at sentencing, the trial court imposed fines and assessments but stayed them. The abstract of judgment,

9

however, does not reflect the stay. "Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Mitchell*).) "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*Ibid.*)

On remand, we will direct the trial court to correct the abstract of judgment to include the stay of fines and assessments.

### 2. Presentence Custody Credit

Finally, defendant contends the trial court erroneously calculated his presentence custody credit. The Attorney General agrees.

Defendant was arrested on October 6, 2019, and sentenced on October 6, 2022. Defendant therefore should be credited with 1,097 days, not 1,095, of actual custody presentence credit. (§ 2900.5.) The conduct credits remain at 164 days. (See § 2933.1 [15 percent of actual custody credit if convicted of violent felony such as attempted murder].) We will modify the judgment to correct this error. (See *Mitchell, supra*, 26 Cal.4th at p. 185.)

## IV.   DISPOSITION

The judgment is modified to reflect that defendant is awarded 1,097 days of actual custody presentence credit.  As so modified, the judgment is affirmed.  On remand, the trial court is directed to amend the abstract of judgment to reflect the judgment as modified, to correct the abstract of judgment to reflect the stay of fines and assessments, and to forward the amended and corrected abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

11